**James F. HOGSHIRE, a single man, Plaintiff–Appellant,**

v.

**CITY OF SEATTLE, a Municipal Corporation; Robert Howard; Jane Doe Howard, and the Marital Community Composed Thereof, Defendants–Appellees.**

No. 00–35226.

D.C. No. CV–99–00294–JCC.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 13, 2001.*

Decided Jan. 11, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** District Judge.

## MEMORANDUM ***

1. The information obtained by Officer Howard provided sufficient probable cause for the issuance of a search warrant. *See Illinois v. Gates,* 462 U.S. 213, 228–30, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This information adequately demonstrated citizen-informant Black's "basis of knowledge." Black stated that he personally saw Hogshire make and consume opium tea and other drugs, and observed drug-manufacturing equipment in Hogshire's apartment. Howard also had sufficient information to establish Black's veracity and reliability. Black provided his name, address and occupation, as well as additional information about his connection to Hogshire and what he saw in Hogshire's apartment. Howard corroborated Black's information through independent investigation and consulted with narcotics specialists at the Seattle Police Department and the Drug Enforcement Administration, who advised that the chemicals and equipment mentioned in Black's letter and

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

in Hogshire's police report could be used to manufacture controlled substances.

■ 2. We reject Hogshire's contention that Howard is not entitled to the defense of qualified immunity because he included an allegedly false statement in his affidavit. Hogshire fails to show that Howard was guilty of a "deliberate falsehood or reckless disregard for truth." *Hervey v. Estes*, 65 F.3d 784, 788 (9th Cir.1995) (internal quotation marks and citation omitted). Although Black provided the wrong street number for Hogshire's building, and Howard corrected it in his affidavit without indicating that the correction was his, Howard acted on the basis of a description of the building provided by Black and confirmed the address with Hogshire's building manager and with Hogshire's police incident report. Hogshire also fails to show that, but for the change, "the magistrate would not have issued the warrant." *Id.* at 789. The other evidence collected by Howard was sufficient to support issuance of a search warrant.

3. We also GRANT appellees' motion to strike portions of Hogshire's opening brief and excerpts of record and DENY Hogshire's motion to file exhibits. Although we will not impose sanctions on appellant's counsel this time, we regard submission of appendices and exhibits not offered in the district court to be improper and, contrary to appellant's contention, not permitted by Fed. R.App. 10(e).

AFFIRMED.